1  McGREGOR W. SCOTT
United States Attorney
2  PAUL HEMESATH
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900
5

6  Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00062-JAM

12 |                      Plaintiff,        STIPULATION REGARDING EXCLUDABLE
                                            TIME PERIODS UNDER SPEEDY TRIAL ACT;
13 |            v.                          FINDINGS AND ORDER

14 | CARRIE ALAINE MARKIS, AND             DATE: June 23, 2020
ANDREA MICHELLE JORDAN,                    TIME: 9:00 a.m.
15 |                                        COURT: Hon. John A. Mendez
                      Defendants.
16

17

18        This case is set for a status conference on June 23, 2020.  On March 17, 2020, this Court issued

19 General Order 611, which suspends all jury trials in the Eastern District of California scheduled to

20 commence before May 1, 2020.  This General Order was entered to address public health concerns

21 related to COVID-19.

22        On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

23 Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

24 continue all criminal matters to a date after June 1.  General Order 618 continued the closure of the

25 courthouses to members of the public without official business before the Court until further order, and

26 also allowed district judges to continue criminal matters, excluding time under the Speedy Trial Act,

27 referencing General Order 611, and the Ninth Circuit Judicial Council's Order declaring a judicial

28 emergency in the district until May 2, 2021, suspending jury trials until further order, and ordering that

1   any criminal matters that remain on calendar are to be conducted by telephone or video conference to

2   the full extent possible, while allowing exceptions on a case-by-case basis.

3       Although the General Orders address the district-wide health concern, the Supreme Court has

4   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

5   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

6   *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

7   exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at

8   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

9   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

10   or in writing").

11       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

12   and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice

13   continuances are excludable only if "the judge granted such continuance on the basis of his findings that

14   the ends of justice served by taking such action outweigh the best interest of the public and the

15   defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless

16   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

17   ends of justice served by the granting of such continuance outweigh the best interests of the public and

18   the defendant in a speedy trial." *Id.*

19       The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

20   T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

21   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

22   circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

23   following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

24   recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*

25   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

26   September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a

27   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

28       In light of the societal context created by the foregoing, this Court should consider the following

1   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

2   justice exception, § 3161(h)(7) (Local Code T4). 1  If continued, this Court should designate a new date

3   for the status conference.  United States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

4   pretrial continuance must be "specifically limited in time").

5                                   **STIPULATION**

6          Plaintiff United States of America, by and through its counsel of record, and defendants, by and

7   through their respective counsel of record, hereby stipulate as follows:

8          1.      By previous order, this matter was set for status on June 23, 2020.

9          2.      By this stipulation, defendants now move to exclude time between June 23, 2020, and

10  August 4, 2020, under Local Code T4.

11         3.      The parties agree and stipulate, and request that the Court find the following:

12                 a)      The government has represented that the discovery associated with this case

13  includes investigative reports and other evidence.  All of this discovery has been either produced

14  directly to counsel and/or made available for inspection and copying.

15                 b)      Counsel for defendants desire additional time to consult with their clients, to

16  review the current charges, to conduct investigation and research related to the charges, to

17  discuss potential resolutions with his/her client, and to prepare pretrial motions.

18                 c)      Counsel for defendants believe that failure to grant the above-requested

19  continuance would deny counsel the reasonable time necessary for effective preparation, taking

20  into account the exercise of due diligence.

21                 d)      The government does not object to the continuance.

22                 e)      In addition to the public health concerns cited by the General Orders and

23  presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

24  this case because counsel or other relevant individuals have been encouraged to telework and

25  minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal

26  contact should the hearing proceed.

27

28  _____

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1        f)     Based on the above-stated findings, the ends of justice served by continuing the

2  case as requested outweigh the interest of the public and the defendants in a trial within the

3  original date prescribed by the Speedy Trial Act.

4        g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

5  et seq., within which trial must commence, the time period of June 23, 2020 to August 4, 2020,

6  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

7  because it results from a continuance granted by the Court at defendants' request on the basis of

8  the Court's finding that the ends of justice served by taking such action outweigh the best interest

9  of the public and the defendants in a speedy trial.

10      4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

11  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

12  must commence.

13      IT IS SO STIPULATED.

Dated:  June 19, 2020               McGREGOR W. SCOTT
                                United States Attorney

                                /s/ PAUL HEMESATH
                                PAUL HEMESATH
                                Assistant United States Attorney

Dated:  June 19, 2020               /s/ TODD LERAS
                                  TODD LERAS
                                  Counsel for Defendant
                                  ANDREA JORDAN

Dated:  June 19, 2020               /s/ KELLY BABINEAU
                                  KELLY BABINEAU
                                  Counsel for Defendant
                                  CARRIE MARKIS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 19th day of June, 2020

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE