KELLY BABINEAU  (CA State Bar #190418)
The Law Office of Kelly Babineau
455 Capitol Mall, Suite 801
Sacramento, CA 95814
Tel:(916) 442-4948
Fax: (916) 492-2909
kbabineau@klblawoffice.net

Attorney for CARRIE ALAINE MARKIS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) No. 2:19-CR-0062JAM |
| Plaintiff, | ) |
| | ) STIPULATION CONTINUING STATUS |
| | ) CONFERENCE AND EXCLUDABLE TIME; |
| v. | ) PERIODS UNDER SPEEDY TRIAL ACT; |
| | ) ORDER |
| | ) |
| CARRIE ALAINE MARKIS | ) Date: April 12, 2022 |
| , | ) Time: 9:30 a.m. |
| | ) Court: Hon. John A. Mendez |
| Defendant. | ) |
| _____ | ) |

STIPULATION

1.  By previous order, this matter was set for status on March 8, 2022.

2.  By this stipulation, defendants now move to continue the status conference until
    April 12, 2022, at 9:30 a.m., and to exclude time between March 8, 2022 and April
    12, 2022, under Local Code T4.

3.  The case involves distribution of prescription pills by means of a secret portion of
    the internet known as the "dark web."  The government previously provided
    voluminous discovery materials, including approximately 2400 pages of written

–1–

reports, photographs, computer records, audio of witness interviews, and other materials stemming from the investigation. The case can fairly be characterized as nationwide in scope.

4.  Counsel for Ms. Markis realized a short time ago that there was some discovery that still needed to be obtained and reviewed. This issue has been resolved and the defense was provided with a substantial amount of discovery that she needed to review with Ms. Markis. Ms. Babineau has initiated review of a proposed plea agreement with client and undertaken investigation of potential sentence mitigation evidence. Defense counsel is engaged in client meetings in person with her client to review the proposed settlement agreement. That process has been complicated due to the existence of a continuing global pandemic, variation in individual vaccination status, and the emergence of the Delta and Omnicron variants. In addition, counsel is engaging in ongoing plea negotiations with the government. The parties have made substantial progress in a possible resolution in this case, but there is a small amount of work that needs to be done before the plea agreement can be finalized.

5.  A series of General Orders issued by the Chief United States District Judge for the Eastern District of California during the past nineteen months address the pandemic, including General Orders 612, 617, 618, 624, 628, 630, 631, 632, 635. These general orders have resulted in restrictions to public access to federal courthouses in the Eastern District of California for the period from March 18, 2020 to June 14, 2021. General Order 640, issued December, 2021, provided each

district judge discretion to hold hearings in person or via remote conferencing for an additional 90 days from the date of issuance.

6. Sacramento County Public Health Officials returned to an indoor mask mandate on July 31, 2021, both for vaccinated and unvaccinated individuals, due to an increase in the Delta variant.

7. Counsel for defendant requests additional time, given the unusual circumstances, to complete their sentence mitigation investigations, finish review of the new discovery and to hold in-person meetings with her client to facilitate potential resolution. The government does not object to the continuance.

8. Counsel for the Defendant believes that failure to grant the requested continuance would deny them the reasonable time necessary for effective preparation, considering the exercise of due diligence.

9. Based on the above-stated facts, Defendant Markis requests the Court find that the ends of justice served by continuing the case as requested outweigh the best interest of the public and the Defendants in a trial within the time prescribed by the Speedy Trial Act.

10. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.,* within which trial must commence, the time period of March 8, 2022 to April 12, 2022, inclusive, is deemed excludable under 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) [Local Code T-4].

11. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the

period during which trial must commence.

IT IS SO STIPULATED.


Dated:  March 3, 2022                    Respectfully submitted,

                                         /s/ Paul Hemesath
                                         PAUL HEMESATH
                                         Assistant U.S. Attorney

Dated: March 3, 2022                     /s/ Kelly Babineau
                                         KELLY BABINEAU
                                         Attorney for Carrie Alaine Markis




**FINDINGS AND ORDER**


IT IS SO FOUND AND ORDERED this 3rd day of March, 2022.

Dated:  March 3, 2022              /s/ John A. Mendez
                                   THE HONORABLE JOHN A. MENDEZ
                                   UNITED STATES DISTRICT COURT JUDGE